Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000537
29-JAN-2016
08:56 AM

NO. CAAP-14-0000537

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee
v.
JAMES CARVALHO, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(Puna Division)
(CASE NO. 3DTC-13-018771)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant James Carvalho (Carvalho) by amended complaint with using a false certificate of inspection (Count 1); driving without a license (Count 2); and driving without motor vehicle insurance as a second offense (Count 3). After a bench trial, the District Court of the Third Circuit (District Court)[1] acquitted Carvalho of Count 1 and found him guilty as charged of Counts 2 and 3. The District Court entered its Judgment on February 11, 2014.

On appeal, Carvalho contends: (1) there was insufficient evidence to support his conviction for driving without a license; (2) the driving without a license charge was

_____

[1] The Honorable Harry P. Freitas presided.

defective; and (3) the District Court erred in failing to properly advise him of his right to testify or not to testify. We reverse Carvalho's conviction for driving without a license, but otherwise affirm the District Court's Judgment.

I.

We resolve the arguments raised by Carvalho on appeal as follows:

1.　We conclude that there was insufficient evidence to support Carvalho's conviction for driving without a license. Carvalho argues, and the State does not dispute, that the evidence showed that Carvalho had an active driver's license that had not yet expired, but that his license had been suspended.

Carvalho, however, was not charged in the amended complaint with driving while his license was suspended, in violation of Hawaii Revised Statutes (HRS) 286-132 (2007).[2] Instead, he was charged with driving without a license, in violation of HRS § 286-102 (2007 & Supp. 2014), which required the State, among other things, to prove that Carvalho operated a motor vehicle "without first being appropriately examined and duly licensed as a qualified driver" of that category of motor vehicle. The State argues that it can prosecute a person who drives with a license that has been suspended under either HRS § 286-102 or HRS § 286-132. We disagree. Although the State may have presented sufficient evidence to prove that Carvalho drove while his license was suspended in violation of HRS § 286-132, it did not present sufficient evidence to show that he drove without a license in violation of HRS 286-102. See State v. Matautia, 81 Hawai'i 76, 83, 912 P.2d 573, 580 (1996) (concluding that except for the common requirement that the defendant must have operated

---

[2] HRS § 286-132 provides:

Except as provided in section 291E-62, no resident or nonresident whose driver's license, right, or privilege to operate a motor vehicle in this State has been canceled, suspended, or revoked may drive any motor vehicle upon the highways of this State while the license, right, or privilege remains canceled, suspended, or revoked.

a motor vehicle, the statutory elements for the offenses of driving without a license and driving while a license is suspended "are totally different"). Accordingly, we reverse Carvalho's conviction for driving without a license.

2. Because we are reversing Carvalho's conviction for driving without a license, we need not address his claim that the driving without a license charge was defective.

3. Carvalho contends that his conviction on Count 3 must be vacated because the District Court failed to properly advise him of his right to testify or not to testify. We disagree.

Carvalho exercised his right to testify and testified in his own defense at trial. In State v. Lewis, 94 Hawaiʻi 292, 12 P.3d 1233 (2000), the Hawaiʻi Supreme Court held that "the colloquy requirement to advise a defendant that he or she has a right not to testify," which it imposed in Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), "is required only in cases in which the defendant does not testify." Lewis, 94 Hawaiʻi at 295, 12 P.3d at 1236 (internal quotation marks, citation, and brackets omitted). The supreme court explained the distinction between the situation where a defendant does not testify and where the defendant does testify.

> We see no reason to adopt a collateral Tachibana colloquy for instances where a defendant chooses to testify. It has been suggested that while the procedural safeguard of a waiver proceeding is required where a defendant does not testify, a similar proceeding is unnecessary if a defendant chooses to testify because of the likelihood that (1) the defendant has received "one or more such advisements from law enforcement officials during the course of a criminal investigation," (2) defense counsel would not "allow a defendant to take the stand without a full explanation of the right to remain silent and the possible consequences of waiving that right," and (3) any defendant who testifies would expect to be cross-examined.

> We concur that when a defendant takes the stand to present his or her own defense, the probability is great that the defendant and his or her counsel will have discussed the advantages and risks of testifying, the nature of the defense(s) to be presented during the defendant's testimony, and the subjects upon which the defendant will likely be challenged on cross-examination. Such a discussion must necessarily bring home to a defendant that, by taking the

3

> stand, he or she will have waived his or her right not to testify. In light of this greater probability, there is "less need for intervention by the trial court and an on-the-record advisement concerning these matters before the defendant testifies."
>
> In view of the foregoing, we hold that Tachibana does not require that the court engage in the colloquy if the defendant chooses to testify in his or her own behalf.

Id. at 296, 12 P.3d at 1237 (brackets, citations, and footnotes omitted).

Based on Lewis, we conclude that Carvalho's claim that his conviction on Count 3 must be vacated because the District Court did not properly advise him of his right to testify or not to testify is without merit. Carvalho provides no basis for believing that his lawyer failed to properly advise him of his rights. Indeed, Carvalho's lawyer stated: "Your Honor, I would certify on the record that I did discuss with Mr. Carvalho his Tachibana rights." Carvalho also fails to provide a persuasive reason for this court to conclude that his decision to testify was anything other than voluntarily, knowingly, and intelligently made. See id. at 296, 12 P.3d at 1237; State v. Monteil, 134 Hawai'i 361, 373, 341 P.3d 567, 579 (2014). We therefore affirm Carvalho's conviction on Count 3.

II.

Based on the foregoing, we reverse Carvalho's conviction and sentence on Count 2 for driving without a license, and we affirm the Circuit Court's Judgment in all other respects.

DATED: Honolulu, Hawai'i, January 29, 2016.

On the briefs:

Craig W. Jerome
Deputy Public Defender
for Defendant-Appellant

Patricia A. Loo
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge